IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:19-CR-00581-04-BRW

NATASHA RIDDLE

### ORDER

Defendant's Motion to Appoint Counsel (Doc. No. 157) and Motion to Reduce Sentence (Doc. No. 158) are DENIED.

Applying retroactive Guidelines Amendment 821 drops Defendant's criminal history score from 6 to 4, but her criminal history category remains III, and her applicable guideline range has not changed.[1] Additionally, Defendant's plea agreement provides that she "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into her plea agreement, including this waiver, she is not entitled to relief.[3]

IT IS SO ORDERED this 3rd day of January, 2024.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10(a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 83.

[3] *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).